[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-10015
Non-Argument Calendar

————————————————

D.C. Docket No. 1:16-cr-20195-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE GRIFFIN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 13, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Based on a written plea agreement, Eddie Griffin pled guilty to one count of

conspiracy to commit Hobbs Act robberies and one count of Hobbs Act robbery,

all in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). In exchange for his guilty plea, the government agreed to dismiss the remaining counts charged in the indictment, to recommend a sentence reduction for acceptance of responsibility, and to recommend a total sentence between 180 and 262 months of imprisonment. That range included the mandatory consecutive term of 7 years of imprisonment for the § 924(c) brandishing count.

Griffin's plea agreement contains a waiver of his appellate rights. In the waiver, Griffin agreed to "waive[] all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed . . . or to appeal the manner in which the sentence was imposed," unless the sentence exceeded the statutory maximum or was the result of an upward departure or an upward variance from the guideline range established by the court at sentencing. Griffin would also be released from the waiver if the government appealed his sentence. By signing the agreement, Griffin acknowledged that he had discussed the appeal waiver with his attorney.

During Griffin's plea colloquy, the district court summarized the terms of the plea agreement, including the appeal waiver. Asked if there was "anything about those terms and conditions or any other term and condition of the plea agreement" that he did not understand, Griffin responded, "No, Your Honor." Later, the court confirmed that Griffin understood that his appeal rights were

2

limited to those set forth in the plea agreement. Ultimately, the district court found that Griffin's plea was knowing and voluntary and so accepted his guilty plea.

At sentencing, the district court determined that Griffin was a "career offender" under the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. As a result of that status, Griffin's guideline range for the Hobbs Act offenses increased to 262 to 327 months of imprisonment from 37 to 46 months of imprisonment. *See* U.S.S.G. § 4B1.1(c). The brandishing offense required an additional, consecutive term of at least 84 months of imprisonment. Griffin asked for a total sentence of 180 months, while the government sought the maximum total sentence it could ask for under the plea agreement: 262 months. The district court, varying below the guideline range, sentenced Griffin to a total term of 216 months of imprisonment, consisting of 132-month concurrent terms as to the Hobbs Act offenses and a consecutive term of 84 months as to the brandishing offense.

Griffin filed this appeal, arguing that the 216-month total sentence of imprisonment is greater than necessary to serve the purposes of sentencing. The government has moved to dismiss the appeal on the basis of the sentence appeal waiver in Griffin's plea agreement. In response to the government's motion to dismiss, Griffin contends that the appeal waiver is unenforceable because the

3

transcript of the plea colloquy shows that Griffin did not understand the full significance of the waiver.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver will be enforced according to its terms so long as it was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, we grant the government's motion to dismiss because Griffin knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the court specifically questioned Griffin about the sentence appeal waiver. The court read the language of the appeal waiver almost verbatim and correctly explained the terms of the waiver, including the waiver's two exceptions and the one instance in which Griffin would be released from the waiver provision. Griffin indicated that there was nothing about the terms of the waiver that he did not understand. He also indicated that he understood that the only appeal rights he had were those set forth in his plea agreement, which Griffin had acknowledged

4

discussing with his attorney by signing the agreement.  So, in sum, the court specifically questioned Griffin about the waiver during the plea colloquy, and other aspects of the record, including the plea agreement itself, show that he understood that he was giving up his right to appeal his sentence.  *See id.*

Griffin's arguments against the validity of the waiver are unavailing.  While Griffin initially expressed some confusion about the maximum sentence he could receive, he ultimately indicated after a discussion with the court that he understood the potential penalties.  And at no point did he express confusion about the terms of the appeal waiver.

In addition, although Griffin may not have been specifically informed at the plea colloquy that he would be barred from challenging his career-offender status, the plea agreement itself raised the possibility that Griffin would be determined a career offender, and Griffin knowingly and voluntarily waived his right to challenge the guideline range as established by the court at sentencing.  Because appeal waivers are entered into before sentencing and before the preparation of the presentence investigation report, there is always a chance that a defendant will not have fully anticipated a precise issue he may be barred from raising.  But that uncertainty does not render the terms to which he agreed any less knowing or voluntary.  And even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal

5

waiver do not except it from the waiver." *Bascomb*, 451 F.3d at 1296; *see United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal "includes waiver of the right to appeal difficult or debatable legal issues or even blatant error").

Because the appeal waiver in Griffin's plea agreement is enforceable and his current challenge to the substantive reasonableness of his sentence does not fall-within one of the waiver's exceptions, we **GRANT** the government's motion to dismiss on the basis of the appeal waiver.

**DISMISSED.**