[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10935
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cv-22775-UU; 1:16-cr-20195-UU-2

EDDIE GRIFFIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2021)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Eddie Griffin, proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Griffin argues, and the Government concedes, that the district court overlooked two of the claims in Griffin's motion. Because our case law required the district court to resolve all claims for relief in Griffin's § 2255 motion, we remand for consideration of Griffin's unresolved claims.

I.

In 2016, Griffin pleaded guilty to conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and using a firearm to commit a violent crime under 18 U.S.C § 924(c)(1)(A). The district court sentenced Griffin to 216 months' imprisonment, including 84 months for his § 924(c) conviction. Griffin appealed the reasonableness of his sentence, and we affirmed. *See United States v. Griffin*, 701 F. App'x 876 (11th Cir. 2017).

This brings us to the subject of this appeal. Griffin later moved to vacate his sentence under 28 U.S.C § 2255, claiming relief on essentially three grounds: (1) the district court wrongly applied the career-offender guidelines because his convictions did not qualify as violent crimes; (2) the factual proffer Griffin signed with his plea agreement failed to establish Griffin had "advance knowledge" that his codefendant had a firearm—an element required to support a conviction under § 924(c)(1)(A); and (3) his trial and appellate counsel provided constitutionally ineffective

2

assistance—the former by failing to challenge his career-offender designation, the latter, his § 924(c)(1)(A) conviction.

In denying Griffin's motion, the district court overlooked Griffin's claim that the factual proffer failed to show Griffin had the "advance knowledge" required to support a § 924(c)(1)(a) conviction. By extension, the district court also missed Griffin's ineffective-assistance-of-counsel claim—the one based on the failure of Griffin's appellate counsel to challenge his § 924(c)(1)(a) conviction. We issued a certificate of appealability to address whether the district court's failure to address these claims violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc).

## II.

In a Section 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review only the issues specified in the certificate of appealability, *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010), and construe *pro se* pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

When reviewing a Section 2255 motion, the district court must resolve "all claims for relief" that the motion contains. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (citing *Clisby v. Jones*, 960 F.2d 925, 935–36 (11th Cir.

1992)).[1] A "claim for relief" "is any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. The movant must present his claim in "clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (holding that a *pro se* prisoner stated a claim for ineffective assistance of counsel by including "two sentences" "in the middle of fifteen-page memorandum attached" to a Section 2254 motion). A district court's failure to consider a properly asserted claim requires us to vacate the judgment and remand the case for the district court to evaluate any unconsidered claims. *Id*.

## III.

We remand Griffin's Section 2255 motion because the district court did not resolve all Griffin's claims for relief. *See Rhode*, 583 F.3d at 1291. Grounds Two and Four of Griffin's complaint argue that he lacked the "requisite advance knowledge that his codefendant would be armed" and that his "Appellate Counsel was constitutionally ineffective" for failing to challenge his conviction on that basis. Griffin developed these arguments in his supporting memorandum, citing the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, 67 (2014) (holding that the Government must show that a defendant had "advance knowledge" that a co-conspirator would use or carry a firearm to support a § 924(c) conviction).

---

[1] Though we first applied this rule to Section 2254 proceedings in *Clisby*, we later extended its application to Section 2255 motions in *Rhode*.

The district court did not address these claims.  So even though it considered Griffin's other claims, the district court did not resolve "all" Griffin's claims for relief.  *Clisby*, 960 F.2d at 935–36.  As a result, we must vacate the judgment and remand to the district court to resolve Grounds Two and Four of Griffin's motion.

**VACATED AND REMANDED.**